UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                          Plaintiff

v.                                                          Criminal Action No. 3:24-cr-00011-RGJ

COREY FERGUSON, ET AL.                                                          Defendants

* * * * *

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Robert Anderson's ("Anderson") motion to sever counts [DE 77] and motion for disclosure of out-of-court identification [DE 106], both filed through counsel. The United States responded to the motion to sever [DE 84] but not the motion for disclosure, and the time to do so has passed. Briefing is complete and the matter is ripe. For the reasons below, the Court **DENIES** Anderson's motion to sever [DE 77], and **GRANTS** Anderson's motion for disclosure of out-of-court identification [DE 106].

## I.    BACKGROUND

On October 16, 2024, Anderson and his co-Defendants, Corey Ferguson ("Ferguson"), Ryan Beaco ("Beaco"), and Edwin Grace ("Grace"), were charged in the superseding indictment with conspiracy to distribute controlled substances and various drug distribution counts. [DE 24]. Count 1 of the superseding indictment alleges that Ferguson, Grace, Beaco, and Anderson conspired to distribute controlled substances, including methamphetamine, cocaine, and fentanyl, from December 13, 2023 to January 29, 2014, in violation of 21 U.S.C. §§ 846, 841(a)(l), 841(b)(l)(A), and 84l(b)(l)(B). [DE 24 at 55]. Count 2 alleges that Anderson and Ferguson, aided and abetted by one another, distributed five hundred grams or more of methamphetamine on December 14, 2023, in violation of 18 U.S.C § 2 and 21 U.S.C. §§ 841(a)(l) and 841(b)(l)(A). [*Id.*

1

at 56]. Counts 3, 5, 6, 7, and 8 are brought against Ferguson only and allege distribution of cocaine and methamphetamine, possession with intent to distribute methamphetamine, and possession of a firearm by a prohibited person—all occurring within the timeframe of the conspiracy. [*Id.* at 56–58]. Finally, Count 4 alleges that Anderson distributed 40 grams or more of fentanyl on January 2, 2024, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). [*Id.* at 56–57].

Through his previous counsel, Anderson moved to sever Count 4 from the superseding indictment's remaining counts. [DE 77]. At a status conference held on February 11, 2025, Anderon's new counsel appeared, and the Court issued an updated trial schedule. [DE 107]. Through new counsel, Anderson filed a motion for an order compelling the United States to disclose out-of-court witness identification. [DE 106].

## II.    DISCUSSION

### A.  Motion to Sever Counts [DE 77]

Anderson argues that Count 4 of the superseding indictment should be severed from the remaining counts under Federal Rules of Criminal Procedure 8 and 14. [DE 77 at 190]. He maintains that joinder of Count 4 with the remaining counts is improper under Rule 8 because the alleged fentanyl sale in Count 4 is unrelated to the conspiracy and other transactions alleged in the superseding indictment. [*Id.*]. Further, even if joinder is proper under Rule 8, he contends that Count 4 must be severed under Rule 14 to prevent prejudice to Anderson. [*Id.* at 191–92].

### 1.  Standard

Joinder of offenses and defendants are subject to Rules 8 and 14 of the Federal Rules of Criminal Procedure. Rule 8 sets forth the conditions under which multiple offenses or defendants may be joined in a single indictment:

> (a) **Joinder of Offenses**. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies

or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

(b) **Joinder of Defendants**. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8. Rule 8 is "designed to promote judicial economy and avoid 'multiplicity of trials[,]'" and thus "a district court should construe Rule 8 in favor of initial joinder. *United States v. Abegunde*, 841 F. App'x 867, 872 (6th Cir. 2021) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993)); *see also United States v. Moreno*, 933 F.2d 362, 370 (6th Cir. 1991). Rule 8(a), which governs the joinder of offenses, traditionally "applies only to a prosecution of a single defendant," while Rule 8(b), which governs joinder of defendants, "applies exclusively whenever multiple defendants are involved, even if a defendant is contesting only the joinder of counts against himself." *United States v. Frost*, 125 F.3d 346, 389 (6th Cir. 1997).

Under Rule 8(b), multiple defendants are properly joined if each count in the indictment "arises out of the same act or transaction or series of acts or transactions[.]" *United States v. Hatcher*, 680 F.2d 438, 441 (6th Cir. 1982); *see also United States v. Johnson*, 763 F.2d 773, 775 (6th Cir. 1985) ("Under Rule 8(b) multiple defendants may be joined only if a sufficient nexus exists between the defendants and the single or multiple acts or transactions charged as offenses."). "[A] group of acts or transactions constitutes a 'series' if they are logically interrelated." *Johnson*, 763 F.2d at 776. Moreover, "[a] group of acts or transactions is logically interrelated . . . if the acts or transactions are part of a common scheme or plan." *Id.* If joinder of multiple defendants or multiple offenses does not comply with the requirements of Rule 8, the district court has "no discretion on the question of severance." *Hatcher*, 680 F.2d at 441; *see also* Charles Alan Wright,

3

1A Federal Practice & Procedure: Criminal § 145, at 89–90 (3d ed. 1999) ("Misjoinder of offenses or defendants . . . raises only a question of law. If there has been misjoinder, the trial court has no discretion to deny the motion."). Whether joinder is proper "is determined by the allegations on the face of the indictment." *United States v. Chavis*, 296 F.3d 450, 456 (6th Cir.2002).

Rule 14 provides that even if joinder is proper under Rule 8, the Court may choose to sever charges or defendants if a joint trial would prejudice one or more defendants. Fed. R. Crim. P. 14(a). Courts "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). A defendant may be prejudiced by joinder if, for example, "many defendants are tried together in a complex case and they have markedly different degrees of culpability," or "when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant." *Id.* A defendant bears the burden of proving prejudice. *United States v. Harris*, 635 F.2d 526, 527 (6th Cir. 1980). To prevail, "the defendant must show compelling, specific, and actual prejudice." *Thomas v. United States*, 849 F.3d 669, 675 (6th Cir. 2017) (citing *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008)). While the district court has discretion to order separate trials under Rule 14 when a risk of prejudice exists, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539.

### 2. *Joinder under Rule 8*

Anderson argues that Count 4 alleges a fentanyl sale unrelated to the remaining counts, including the conspiracy. [DE 77 at 190]. He asserts that the United States' expected proof includes evidence that Grace was Ferguson's supplier, while Beaco was Grace's supplier, and that

4

Anderson's involvement with his three co-defendants consisted only of arranging a single sale of methamphetamine on December 14, 2023 by suggesting that a confidential informant contact Ferguson. [*Id.*]. He maintains that much of the United States' proof for the other counts revolves around the Beaco-Grace-Ferguson supply chain and the various the sales by Ferguson, while the fentanyl sale is unconnected to this supply chain and lacks common participants. [*Id.* at 190–91]. Accordingly, he maintains that Count 4 is "not shown to be part of a common scheme or plan" and cannot be joined under Rule 8. [*Id.* at 191]. The United States responds that the sale alleged in Count 4 "fits squarely in the same transaction and series of transactions of his co-defendants." [DE 84 at 233]. The United States notes that the superseding indictment alleges that all four Defendants were involved in the same conspiracy to distribute controlled substances, including methamphetamine and fentanyl. Anderson allegedly brokered one sale of methamphetamine to a confidential informant on December 14, 2023 and then sold that same confidential informant fentanyl three weeks later, on January 2, 2023. [*Id.* at 233].

Given that multiple defendants are involved in this case, Rule 8(b) applies, even though Anderson contests only the joinder of a count against himself. *See Frost*, 125 F.3d at 389. As a result, joinder is proper if Count 4 "arises out of the same act or transaction or series of acts or transactions" as the other Counts. *See Hatcher*, 680 F.2d at 441. Notably, Count 1 alleges that Anderson was involved in a conspiracy to distribute methamphetamine and fentanyl, and Counts 2 and 4, in turn, allege individual sales of methamphetamine and fentanyl. That is, the indictment alleges a conspiracy as well as substantive counts arising out of that conspiracy. Courts recognize that "[j]oinder is permissible in a conspiracy count and substantive counts arising out of the conspiracy because the fundamental principle of a conspiracy charge is the agreement to a common plan or scheme to perpetrate some illegal activity." *United States v. Kelley*, 461 F.3d 817, 830 (6th

Cir. 2006). Moreover, the superseding indictment alleges that the conspiracy took place from December 13, 2023 to January 29, 2024, which encompasses the date on which the distribution of methamphetamine alleged in Count 4 took place—January 2, 2024. The superseding indictment therefore sufficiently connects the counts together, alleging an overarching drug distribution conspiracy as well as individual drug distributions that align with the dates of the conspiracy. *See United States v. Beverly*, 369 F.3d 516, 533 (6th Cir. 2004) (affirming proper joinder of the conspiracy to commit bank robbery and the individual bank robberies committed by different defendants because "[t]he robberies were a series of offenses that were conducted over a relatively short period of time and performed using a similar pattern of behavior"). The substantive offenses alleged in Counts 1 and 4 are also similar to each other, with violations of 21 U.S.C § 841(a)(1) alleged in each Count, further demonstrating that joinder was proper. *See United States v. Pendergrass*, No. 3:06-00147, 2007 WL 160956, at *3 (M.D. Tenn. Jan. 16, 2007) ("'Whether charges are laid under the same statute' is among the factors which a court may consider in determining the propriety of joinder." (quoting *United States v. Edgar*, 82 F.3d 499, 503 (1st Cir. 1996))).

From the face of the indictment, a "sufficient nexus" exists between Anderson, the allegations in Count 4, and the allegations in the remaining Counts. *See Johnson*, 763 F.2d at 775. The acts and transactions alleged are also "logically interrelated" because they all connect to "a common scheme or plan"—the overarching conspiracy to distribute controlled substances. *Id.*; *see also United States v. Beverly*, 369 F.3d 516, 533 (6th Cir. 2004). The allegations in the superseding indictment are therefore sufficient to conclude that Count 4 "arise[s] out of the same . . . series of acts or transactions" as the remaining counts. *See Hatcher*, 680 F.2d at 441. While the superseding indictment does not explicitly allege that these Counts formed part of a common scheme, it

6

sufficiently connects the Counts with recurring dates and overlapping conduct such that a connection is implicit. *See United States v. Franks*, 511 F.2d 25, 29 (6th Cir. 1975) ("Though explicitly alleging the connection is preferred practice, the lack of such an allegation is immaterial where, as here, a connection sufficient for proper joinder is implicit." (citation omitted)); *United States v. Mink*, 9 F.4th 590, 603 (8th Cir. 2021) (finding that, although the indictment "did not explicitly allege a common scheme," joinder was proper when "[t]he indictment sufficiently connected the counts together with recurring dates, similar conduct and victims, and references to other counts"). Moreover, Rule 8 "can, and should, be 'broadly construed in favor of initial joinder,' because of the protection Rule 14 affords against unnecessarily prejudicial joinder." *United States v. Swift*, 809 F.2d 320, 322 (6th Cir. 1987) (quoting *United States v. Franks*, 511 F.2d 25, 28 (6th Cir. 1975)). Given these considerations, the Court finds that joinder is proper under Rule 8.

### 3. *Prejudice under Rule 14*

Anderson contends that, even if joinder was proper under Rule 8, the Court should sever Count 4 pursuant to Rule 14. In support of this argument, Anderson submits that he will suffer prejudice in two ways. First, in deciding the other counts, the jury will see substantial evidence "regarding a drug conspiracy which allegedly involves large quantities of various illegal drug (and firearms), much of which would not be admissible in a trial on Count 4. [DE 77 at 191]. He contends that a jury could "improperly conclude that evidence of guilt on one count will also tend to show guilt on the other count," despite the "disparity of culpability" between him and the other Defendants. [*Id.*]. Second, if all counts are tried together, Anderson will be forced to either testify as to all counts or as to none, compromising his right to testify in his defense. [*Id.* at 192]. The United States responds, first, that there is no substantial risk that the jury will be unable to

distinguish the evidence against each defendant, and disparity of evidence alone is not grounds for severance. [DE 84 at 234]. Second, Anderson has not made the requisite showing of a need to testify selectively to warrant severance of Count 4. [*Id.* at 234–25].

The Sixth Circuit is clear that "absent a showing of substantial prejudice, spillover of evidence from one [count] to another does not require severance." *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006) (citing *Johnson*, 763 F.2d at 777). Anderson fails to demonstrate why the introduction of evidence on the remaining counts would substantially prejudice him, other than vaguely claiming that a jury could improperly determine guilt based on that evidence. Even if a spillover of evidence from the other counts does occur, this is not grounds for severance "unless there is a substantial risk that the jury could not compartmentalize or distinguish between the evidence against each defendant." *Clark v. O'Dea*, 257 F.3d 498, 504 (6th Cir. 2001) (quoting *United States v. Lloyd*, 10 F.3d 1197, 1215 (6th Cir. 1993)). Here, there is no reason to believe that a jury could not distinguish between the evidence presented on the other counts and that presented against Anderson in Count 4. Anderson presents no evidence, for example, that this case will be so complex that the jury will be incapable of compartmentalizing evidence. *See Lloyd*, 10 F.3d at 1216 (upholding joint trial of defendants in a prosecution for drug trafficking because "this case, while lengthy, was not a case of such complexity that the jury could not compartmentalize the evidence"); *Clark*, 257 F.3d at 504 (finding that joinder of defendant's case with his co-defendant created no "compelling and specific prejudice" when the testimony against the co-defendant was "not particularly complex" and could easily be distinguished by the jury). Nor is there any reason to believe that any prejudice could not be mitigated by "careful limiting instructions to the jury concerning joinder and the need for the jury to consider the evidence separately as it relates to each charged offense." *United States v. Abbott*, No. 24-5602,

2025 WL 2237656, at *4 (6th Cir. Aug. 6, 2025). "Juries are presumed to be capable of following instructions . . . regarding the sorting of evidence and the separate consideration of multiple defendants." *United States v. Walls*, 293 F.3d 959, 966 (6th Cir. 2002). Anderson has failed to show that the testimony will be so complex and overlapping that a jury will be incapable of following a limiting instruction.

Anderson also claims prejudice on the basis that joinder would force him to testify as to all counts or as to none, whereas separate trials would allow him to elect to selectively testify, thus protecting his Fifth Amendment right to testify in his defense. [DE 77 at 191–92]. Yet simply preferring to testify as to some counts but not others is not a basis for severance. *See United States v. Bowker*, 372 F.3d 365, 385 (6th Cir. 2004), *vacated on other grounds*, 543 U.S. 1182 (2005). Rather, Anderson "must make a persuasive and detailed showing regarding the testimony he would give on the one count he wishes severed and the reason he cannot testify on the other counts." *Collins v. Green*, 838 F. App'x 161, 169 (6th Cir. 2020) (internal quotation marks omitted) (quoting *United States v. McCarther*, 596 F.3d 438, 443 (8th Cir. 2010)); *Bowker*, 372 F.3d at 385 ("[N]o need for a severance exists until the defendant makes a convincing showing that he has both important testimony to give concerning one count and a strong need to refrain from testifying on the other." (quoting *United States v. Martin*, 18 F.3d 1515, 1518–19 (10th Cir. 1994))). Anderson has not made any showing regarding the testimony he would give, nor has he provided a reason he cannot testify to any of the counts. He simply claims, "if given separate trials, [he] could, and likely would, elect to testify about one of the alleged counts, but not another." [DE 77 at 192]. This is not a "persuasive and detailed showing" that he has important testimony concerning one count, as well as a strong need to refrain from testifying on another count. "Such non-specific

assertions of prejudice are insufficient to warrant severance under Rule 14." *Bowker*, 372 F.3d at 385. As a result, Anderson's second basis for prejudice fails.

Anderson therefore fails to show that a joint trial would compromise his trial rights or prevent the jury from making a reliable judgment. As a result, the Court **DENIES** his motion to sever. [DE 77].

B. Motion for Disclosure of Out-of-Court Identification

Anderson moves for an order compelling the United States to disclose whether any pre-trial identification procedures were conducted and, if so, the nature of those procedures. [DE 106]. The United States has not responded or denied the use of any out-of-court witness identification.

First, the trial order requires that any motion for additional discovery "contain a certification from counsel that informal, extrajudicial efforts to resolve the discovery dispute have taken place and been unsuccessful." [DE 107 at 336]. Anderson's motion contains no such certification and therefore fails to comply with the Court's directive. Nevertheless, district courts generally have considerable discretion in managing their own dockets and regulating discovery under Fed. R. Crim. P. 16. *See United States v. Abdullah*, 119 F.4th 496, 499 (6th Cir. 2024), *cert. denied*, 145 S. Ct. 1222 (2025); *United States v. Maples*, 60 F.3d 244, 246 (6th Cir. 1995). In accordance with this broad discretion, and considering the United States' lack of response, the Court will consider the merits of Anderson's motion.

"A defendant's due process right to a fair trial prevents the introduction of out-of-court identification evidence when that evidence is 'so extremely unfair that its admission violates fundamental conceptions of justice.'" *United States v. Radaker-Carter*, 151 F.4th 840, 846 (6th Cir. 2025) (quoting *Perry v. New Hampshire*, 565 U.S. 228, 237 (2012). The Sixth Circuit "evaluate[s] claims that a pretrial identification should be excluded in two steps." *Id.* (citing *Salter*

10

*v. City of Detroit*, 133 F.4th 527, 538 (6th Cir. 2025)). First, the court asks whether "law enforcement officers use[d] an identification procedure that is both suggestive and unnecessary." *Id.* (quoting *Perry*, 565 U.S. at 238–39). If so, the court then considers "whether the evidence was nevertheless reliable." *Id.* (quoting *Haliym v. Mitchell*, 492 F.3d 680, 704 (6th Cir. 2007)).

Pursuant to Fed. R. Crim. P. 12, a defendant who wishes to suppress evidence before trial must file a suppression motion by the deadline set forth by the trial court. Fed. R. Crim. P. 12(c); *United States v. Obiukwu*, 17 F.3d 816, 819 (6th Cir. 1994). A motion to suppress is considered untimely if not filed before the motion cut-off date set by the court, unless the party shows good cause for the delay. Fed. R. Crim. P. 12(c)(3).

By seeking disclosure from the United States of the out-of-court identification procedures, Anderson seeks to avoid delay in potentially moving to suppress that identification. In other words, to move for suppression of an out-of-court identification, Anderson must first know whether an identification exists in the first place, as well as the extent to which the procedures used may warrant suppression. The disclosure of this information is therefore necessary for Anderson to exercise his right to seek suppression of a potentially unfair or unreliable out-of-court identification. The United States has failed to respond to Anderson's motion requesting an order to compel disclosure of this material, which alone "may be grounds for granting the motion" under Local Rule 12.1(d). Given both the United States' lack of response and Anderson's need for this information to timely move to suppress, the Court will grant Anderson's motion.

The Court therefore **GRANTS** Anderson's motion for disclosure of out-of-court witness identification [DE 106] and orders the United States to provide such disclosure as detailed below.

## III.   CONCLUSION

For the reasons above, the Court **ORDERS** as follows:

(1) Anderson's motion to sever is **DENIED** [DE 77];

(2) Anderson's motion for disclosure of out-of-court witness identification [DE 106] is

**GRANTED**;

(3)  The United States is **ORDERED** to provide written notice to Anderson as to whether

any out-of-court identification procedure was conducted involving Anderson in this

case, and if so, any relevant details relating to that identification procedure.

Rebecca Grady Jennings, District Judge
United States District Court

April 20, 2026