UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA Plaintiff

v. Criminal Action No. 3:24-cr-00011-RGJ

COREY FERGUSON, ET AL. Defendants

* * * * *

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Robert Anderson's ("Anderson") objection to the information of prior conviction. [DE 78; DE 108]. The United States responded. [DE 115]. Anderson also moved for a hearing. [DE 102]. Briefing is complete and the matter is ripe. For the reasons below, the Court **DENIES WITHOUT PREJUDICE** Anderson's objection and motion for hearing. [DE 78; DE 102; DE 108].

## I. BACKGROUND

On October 16, 2024, Anderson and his co-Defendants, Corey Ferguson ("Ferguson"), Ryan Beaco ("Beaco"), and Edwin Grace ("Grace"), were charged in the superseding indictment with conspiracy to distribute controlled substances and various drug distribution counts. [DE 24]. Count 1 of the superseding indictment alleges that Ferguson, Grace, Beaco, and Anderson conspired to distribute controlled substances, including methamphetamine, cocaine, and fentanyl, from December 13, 2023 to January 29, 2014, in violation of 21 U.S.C. §§ 846, 841(a)(l), 841(b)(l)(A), and 84l(b)(l)(B). [DE 24 at 55]. Count 2 alleges that Anderson and Ferguson, aided and abetted by one another, distributed five hundred grams or more of methamphetamine on December 14, 2023, in violation of 18 U.S.C § 2 and 21 U.S.C. §§ 841(a)(l) and 841(b)(l)(A). [*Id.* at 56]. Counts 3, 5, 6, 7, and 8 are brought against Ferguson only and allege distribution of cocaine

and methamphetamine, possession with intent to distribute methamphetamine, and possession of a firearm by a prohibited person—all occurring within the timeframe of the conspiracy. [*Id.* at 56–58]. Finally, Count 4 alleges that Anderson distributed 40 grams or more of fentanyl on January 2, 2024, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). [*Id.* at 56–57].

The superseding indictment contained an "Information of Prior Conviction" stating that Anderson was subject to increased punishment based on a prior serious drug felony—a 1994 conviction for conspiracy to possess and distribute cocaine and attempt to possess and distribute cocaine. [*Id.* at 59]. Through his previous counsel, Anderson objected to the information of prior conviction, arguing that the 1994 conviction does not qualify as a "serious drug felony" and therefore does not subject him to increased punishment under 21 U.S.C § 841(b)(1)(A) or (B). [DE 78 at 203]. Anderson also moved for a hearing on the matter pursuant to 21 U.S.C § 851(c)(1). [*Id.*]. On April 1, 2026, Anderson's new counsel filed a memorandum adopting Anderson's previous objection and supplementing that filing with additional argument. [DE 108-1].

## II. DISCUSSION

Pursuant to 21 U.S.C. § 851, the United States included in the superseding indictment an Information of Prior Conviction ("Information") notifying Anderson of the possibility of an enhanced sentence. [DE 24 at 59]. The Information asserts that Anderson's August 29, 1994 conviction for conspiracy to possess and distribute cocaine and attempt to possess and distribute cocaine qualifies as a "serious drug felony offense" under 21 U.S.C. § 802(57). Anderson objects to the Information on the grounds that his prior conviction does not constitute a "serious drug felony" and therefore should not subject him to increased punishment. [DE 78 at 203].

### A. Factual Background

On April 21, 1993, Anderson and his co-defendants were indicted for (1) conspiracy to commit an offense against the United States, specifically 21 U.S.C. § 841(a)(1), to unlawfully possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846; and (2) attempt to commit an offense against the United States, specifically 21 U.S.C. § 841(a)(1), to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. [DE 83-1]. Anderson was convicted on both counts and sentenced to life in prison.[1] [DE 83-2]. At the time, the court made a finding that "the quantity of cocaine involved in the instant offense did, in fact, exceed 5 kilograms," so the enhanced penalty provisions in 21 U.S.C. 841(b)(1)(A) applied. [*Id.* at 231]. In a Sixth Circuit opinion upholding Anderson's sentence, the court explained that Anderson "received a life sentence under 21 U.S.C. § 841(b)(1)(A) because of the amount of drugs purchased and prior felony drug convictions." *United States v. Anderson*, 76 F.3d 685, 688 (6th Cir. 1996) (citation omitted).

B. Statutory and Legal Framework

21 U.S.C. § 841(b)(1)(A) provides for a 15-year-minimum sentence enhancement if a defendant commits certain violations of 21 U.S.C. § 841(a) after a prior conviction for a "serious drug felony" and a 25-year minimum if the defendant commits the violations after two or more prior convictions for a "serious drug felony." 21 U.S.C. §841(b)(1)(A). Prior to enactment of the First Step Act, this provision provided for mandatory 20-year minimum term of imprisonment after a prior conviction for a "felony drug offense," and a mandatory life sentence after two or more prior convictions for a "felony drug offense." First Step Act of 2018, Pub. L. No. 115-391, § 401(a)(2)(A)(i–ii), 132 Stat. 5194, 522. The First Step Act of 2018 lowered these mandatory minimums and replaced the term "felony drug offense" with "serious drug felony." *See United*

[1] Anderson's sentence was commuted by an executive grant of clemency on July 28, 206. [DE 83 at 225, n.1].

*States v. Fields*, 53 F.4th 1027, 1031 (6th Cir. 2022). 21 U.S.C. § 802 defines a "serious drug felony" as (1) a "serious drug offense" described in 18 U.S.C. § 924(e)(2)(A), for which the defendant (2) served over a year in prison and (3) was released within fifteen years of the commencement of the instant offense. 21 U.S.C. § 802(58). Under 18 U.S.C. § 924(e)(2)(A), a "serious drug offense" is either:

> (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46 for which a maximum term of imprisonment of ten years or more is prescribed by law; or
>
> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

18 U.S.C. § 924(e)(2)(A).

21 U.S.C. § 851 "governs the procedure for imposing conviction-based statutory sentence enhancements under § 841. *Fields*, F.4th at 1031. It explains that

> "[n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court . . . stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1). Section 851(b) provides that the court, after conviction but before sentence, must ask the defendant "whether he affirms or denies that he has been previously convicted as alleged in the information," and inform the defendant that "any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." 21 U.S.C. § 851(b). Section 851(c) then provides that if the defendant "denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information. 21 U.S.C. § 851(c)(1). The court must then "hold a hearing to

determine any issues raised by the response which would except the person from increased punishment." *Id.* "[E]ither party may introduce evidence," and "the United States attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. At the request of either party, the court shall enter findings of fact and conclusions of law." *Id.*

"The requirements delineated in § 851 are mandatory, and a district court cannot enhance a defendant's sentence based on a prior conviction unless the government satisfies them." *United States v. King*, 127 F.3d 483, 487 (6th Cir. 1997) (citing *United States v. Williams*, 899 F.2d 1526, 1529 (6th Cir. 1990)).

C. Prematurity of Objection

Because § 851 applies to "person[s] who stand[] convicted of an offense," district courts regularly deny § 851 objections as premature when they are brought before a defendant has been convicted or pled guilty. *See United States v. Harrison*, No. CR 5:19-143-KKC, 2021 WL 4902384, at *1 (E.D. Ky. Oct. 21, 2021), *aff'd*, 54 F.4th 884 (6th Cir. 2022); *United States v. Ware*, No. 1:19-CR-10005, 2020 WL 206933, at *3 (C.D. Ill. Jan. 14, 2020); *United States v. Waller*, No. 15-CR-20310, 2016 WL 2756520, at *4 (E.D. Mich. May 12, 2016); *United States v. Willyard*, No. 3:07-CR-44, 2007 WL 4554228, at *1 (E.D. Tenn. Dec. 19, 2007).

In this case, Anderson does not deny the fact of his prior conviction. Rather, he maintains that his prior conviction does not qualify as a "serious drug felony" and therefore does not subject him to the enhanced sentence under 21 U.S.C. § 841 (b)(1)(A) or (B). [DE 78 at 203; DE 108-1 at 383]. That is, Anderson's objection is not to the actual conviction, but to whether the conviction qualifies as a predicate offense for purposes of the enhancement. Even in such cases, however, courts regularly deny such challenges as premature.

For example, in *United States v. Harrison*, No. CR 5:19-143-KKC, 2021 WL 4902384, at *1 (E.D. Ky. Oct. 21, 2021), *aff'd*, 54 F.4th 884 (6th Cir. 2022), the defendant filed a motion to strike the United States' § 851 information, which asserted that the defendant was subject to the 15-year mandatory minimum due to a 1987 state court conviction for complicity to commit murder. The defendant did not dispute that he was convicted of the crime, but he argued that the conviction did not qualify as a "serious violent felony" for purposes of the enhanced sentence under 21 U.S.C. § 841. *United States v. Harrison*, No. CR 5:19-143-KKC, slip op. at 1 (E.D.K.Y. April 22, 2021). The court stated that the challenge was premature because the defendant had not yet been convicted and "the issues raised in this motion will become relevant only if the defendant is convicted of the crime charged in count 4." *Id.* at 2.

In *United States v. Ware*, the court similarly found that the challenge was premature when the defendant argued that his prior convictions did not qualify for the enhancement. No. 1:19-CR-10005, 2020 WL 206933, at *2 (C.D. Ill. Jan. 14, 2020). The defendant argued that he was "entitled to know if his prior convictions are valid predicates for a[n] § 851 enhancement before making the decision of whether or not to plead guilty." *Id.* at *2. The court explained that the different provisions of § 851 serve dual purposes. The purpose of § 851's notice requirement is to allow a defendant to make an informed choice "whether to proceed to trial knowing the penalties to which he may be subjected." *Id.* at *3. By contrast, the procedures for challenging this notice "are designed to ensure a proper sentence is imposed and do not serve the goal of informing the defendant prior to conviction." *Id.* Thus, while the United States must give notice of its intent to seek an enhancement prior to trial, the defendant may only challenge the notice after conviction to prevent sentencing errors.

Similarly, in *United States v. Waller*, the defendant challenged the § 851 notice, not because he denied his prior conviction, but because of a "mandate" by then-attorney general Holder directing that federal prosecutors should only seek an enhancement when a defendant "is involved in conduct that makes the case appropriate for severe sanctions," which defendant argued was not present. No. 15-CR-20310, 2016 WL 2756520, at *4 (E.D. Mich. May 12, 2016). The court stated that because the defendant could end up not pleading guilty or being convicted, the issue had "not yet ripened into an actual case or controversy." *Id.* The court explained that it did not have jurisdiction to determine the applicability of sentencing statutes and guidelines to a defendant who has not pleaded guilty or been convicted.

Here, too, the issue of whether the enhancement applies has not yet ripened. Anderson has not been convicted or pled guilty, so the question of a sentencing enhancement is not properly before the Court at this time.[2] Accordingly, the Court will deny Anderson's objection, as well as

---

[2] The Court notes, however, that it appears likely that the United States properly seeks the enhancement in this case. 21 U.S.C. § 802 defines a "serious drug felony" as (1) a "serious drug offense" described in 18 U.S.C. § 924(e)(2)(A), for which the defendant (2) served over a year in prison and (3) was released within fifteen years of the commencement of the instant offense. 21 U.S.C. § 802(58). 18 U.S.C. § 924(e)(2)(A) then defines "serious drug offense" as "an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A). The Controlled Substances Act, in turn, includes as an offense "attempt and conspiracy." 21 U.S.C. § 846 ("Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."). Anderson's previous convictions were for violations of 21 U.S.C. § 846, and the object of the conspiracy for which Anderson was convicted was the distribution of over 5 kilograms or more of cocaine under 21 U.S.C. § 841(a)(1). § 841(b)(1)(A)(ii)(II) sets a penalty of not less than 10 years, not more than life in prison for a violation of subsection (a) involving 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine. Accordingly, Anderson's prior conviction is an offense under the Controlled Substances Act for which a maximum term of imprisonment if ten years or more is prescribed by law.

Moreover, Anderson's invocation of the categorical approach is misplaced, given that his prior conviction is not a state law conviction. *See United States v. Wilkes*, 133 F.4th 600, 602 (6th Cir.), cert. denied, 145 S. Ct. 2785, 222 L. Ed. 2d 1079 (2025) (applying the categorical approach to determine whether a *state law* offense meets the federal definition of "serious drug offense"; that is, "whether the state criminalizes as 'controlled substances' no more than the same substances criminalized as such by federal law").

his motion for a hearing on the objection, without prejudice. Anderson may raise the objection again "after conviction but before pronouncement of sentence," as stated in § 861(b).

## III. CONCLUSION

For the reasons above, the Court **DENIES WITHOUT PREJUDICE** Anderson's objection to the information of prior conviction and motion for a hearing on the matter. [DE 78; DE 102; DE 108].

Rebecca Grady Jennings, District Judge
United States District Court

August 28, 2026